NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID PETER PARRIS, | No. 17-71348 |
| Petitioner, | Agency No. A036-869-933 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020[**]

Before:     TASHIMA, BYBEE, and WATFORD, Circuit Judges.

David Peter Parris, a native and citizen of Trinidad and Tobago, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for deferral of

removal under the Convention Against Torture ("CAT").  We have jurisdiction

under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review de novo claims of due process violations. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's denial of CAT relief because Parris failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Trinidad and Tobago. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

Parris's contention that the agency violated due process by limiting his testimony fails. *See Gomez-Velazco v. Sessions*, 879 F.3d 989, 993 (9th Cir. 2018) ("an individual may obtain relief for a due process violation only if he shows that the violation caused him prejudice.").

**PETITION FOR REVIEW DENIED.**

17-71348